UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANISHA PALLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L M SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS OF TAHOE; LT LEASING, INC.; PAUL GARCIA; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br><br>IN THE MATER OF THE COMPLAINT OF LT LEASING, INC.; L M SPORTS, INC. DBA LAKESIDE MARINA AND DBA ACTION WATERSPORTS OF LAKE TAHOE AND ACTION WATERSPORTS AT LAKE TAHOE AND DBA ACTION WATERSPORTS; TAMARA HASSETT, INDVIDUALLY; AND ROBERT HASSETT, INDIVIDUALLY<br><br>　　　　Plaintiffs-in-Limitation, | No. 2:16-cv-02865-JAM-EFB<br><br>**ORDER GRANTING THIRD-PARTY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON EXPRESS CONTRACTUAL INDEMNITY CLAIM** |

1

| | |
|---|---|
| LT LEASING, INC.; L M SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS and dba ACTION WATERSPORTS AT LAKE TAHOE; TAMARA HASSETT, individually, and ROBERT HASSETT, individually | |
| Third-Party Plaintiffs, | |
| v. | |
| EVAN BOTWIN, REGAN ROBERTS, SEAN O'Dea, EFE ÖZYURT, and NICHOLAS CARSCADDEN, | |
| Cross-Defendants | |
| AND RELATED THIRD-PARTY ACTION. | |

I. INTRODUCTION AND PROCEDURAL BACKGROUND

L M Sports and L T Leasing (collectively "L M Sports") are defendants in a negligence suit that was filed by Manisha Palla ("Palla")—a woman who was injured while using boating and tubing equipment leased from L M Sports. ECF No. 1. L M Sports also stand as Third-Party Plaintiffs, seeking indemnification from Evan Botwin, Sean O'Dea, and Nicholas Carscadden ("Third-Party Defendants") based on a rental agreement the Third-Party Defendants signed. ECF No. 17.

After Palla filed her negligence suit against L M Sports, and Paul Garcia, ECF No. 1, L M Sports filed a Complaint for Exoneration or Limitation of Liability. See Case No. 2:17-cv-41, ECF No. 1. The Court consolidated these two actions. ECF No. 23.

L M Sports then filed a third-party complaint against Evan Botwin, Nicholas Carscadden, Sean O'Dea, Efe Özyurt, and Regan

Roberts ("Third-Party Defendants"). Case No. 2:16-cv-02865, ECF No. 17. These individuals signed the rental agreement for the boat involved in this incident and were on the boat when the accident occurred. Regan Roberts subsequently entered into a settlement with L M Sports, ECF No. 86, and a default was entered against Efe Özyurt. ECF No. 51.

A motion and cross-motions for summary judgment were filed by L M Sports and Third-Party Defendants and a hearing on these motions was held on September 18, 2018. At the hearing, this Court granted Third-Party Defendants' cross-motions for summary judgment on L M Sports' negligence/equitable indemnity claim. The Court also found that the cause of action for contribution was not ripe and denied all parties' motions/cross-motions on this claim. ECF No. 133. The Court denied the Third-Party Defendants' cross-motions for summary judgment on L M Sports' express contractual indemnity claim, finding that none of the Third-Party Defendants had shown they were entitled to judgment as a matter of law. See id. L M Sports' motion for summary judgment on this express contractual indemnity claim was taken under submission and the Court requested the parties to file supplemental briefs addressing the Third-Party Defendants' standing to raise the issue of whether gross negligence invalidates an indemnity clause when Palla had only alleged ordinary negligence against L M Sports. Id. Carscadden and O'Dea were also tasked with explaining why they should be allowed to join Botwin's argument when they failed to raise the issue of gross negligence in their summary judgment opposition briefs. See id.

3

For the following reasons, this Court finds that Third-Party Defendants, as parties to the contract, have standing to challenge the scope and validity of the indemnity agreement.[1] But this Court also finds that as a matter of law, public policy does not prohibit L M Sports from enforcing its indemnity clause against Third-Party Defendants in this action even if L M Sports is shown to have acted with gross negligence.

## II.  OPINION

### A.  Standing

#### 1.  Legal Standard

The "case or controversy" requirement of Article III mandates that parties appearing before federal courts have standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 574 (1992). To have standing, a party must claim an injury in fact that was caused by the accused, and may be redressed by the court. Id. at 560–61.

An injury in fact is "an invasion of a legally protected interest which is concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (internal citations and quotations omitted). The claimed injury must be more than a generalized grievance. Id. at 575.

#### 2.  Analysis

Third-Party Defendants have standing to raise the issue of

---

[1] The Court finds that O'Dea and Carscadden may retroactively join the gross negligence argument raised in Botwin's summary judgment opposition to avoid inconsistent results among parties similarly situated. Star Ins. Co. v. Iron Horse Tools, Inc., No. CV 16-48 BLG-SPW-TJC, 2018 WL 3079493 at *4-5 (D. Mont. Feb. 7, 2018)

4

L M Sports' gross negligence. Botwin, now joined by O'Dea and Carscadden, argues that L M Sports is attempting to apply an indemnity clause that is void as a matter of public policy. Botwin Supp. at 1, ECF No. 134. If L M Sports' indemnity clause is found to be enforceable, the Third-Party Defendants may be responsible for paying L M Sports' costs—a clear "wallet injury." See Hein v. Freedom from Religion Foundation, Inc., 551 U.S. 587, 621 (2007). The attempt to enforce this provision is the cause of Third-Party Defendants' claimed injury, and this Court—if appropriate—has the power to redress it.

L M Sports must prove coverage. Third-Party Defendants denial of coverage as well as the possibility of injury give them standing to contest this indemnity clause. While Palla has not specifically pled a cause of action for gross negligence against L M Sports, the Court finds that the issue of Third-Party Defendants' standing to challenge the indemnity clause is not dependent on Palla's personal injury complaint. As Third-Party Defendants, Botwin, O'Dea and Carscadden had no ability to control Palla's causes of action against L M Sports. Third-Party Defendants have denied L M Sports claim for express contractual indemnity and L M Sports has failed to present a compelling reason for why this Court should deny parties to a contract an opportunity to challenge that contract's reach. Accordingly, the Court finds that Third Party Defendants have standing to challenge the scope of the indemnity contract's coverage.

B.  Express Contractual Indemnity Claim

To defeat L M Sports' motion for summary judgment on the express contractual indemnity claim, Third Party Defendants must

either raise a genuine dispute of material fact or demonstrate why L M Sports is not entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). Third-Party Defendants maintain that that the question of L M Sports' gross negligence is a triable issue of fact that precludes summary judgment. Botwin Supp. at 1. However, even if this Court were to assume that L M Sports' alleged acts constitute ordinary or gross negligence, the Court finds that the indemnity agreement at issue in this case is still enforceable against Third-Party Defendants.

Third-Party Defendants do not cite to any authority that holds that an indemnity clause covering a party's gross negligence is void as a matter of public policy. As L M Sports points out, both Royal Insurance Co. v. Southwest Marine, 194 F. 3d 1009, 1016 (9th Cir. 1999) and City of Santa Barbara v. Super. Ct., 41 Cal. 4th 747, 751 (2007) were cases in which exculpatory clauses or releases were invalidated for purporting to cover gross negligence. See Opp'n at 2-3. These cases did not involve a true indemnity agreement as in the instant case.

Exculpatory clauses serve as a complete release of liability; they keep a claimant from coming to the courts, and being made whole. See City of Santa Barbara, 41 Cal. 45th at 762. In contrast, an indemnity clause merely reallocates financial responsibility, i.e. it determines which party to a contract will ultimately bear the risk of injury to a third party. In re Oil Spill, 841 F. Supp.2d. 988, 998 (E.D. La 2012). While gross negligence may invalidate contractual releases, indemnity clauses can cover gross negligence for compensatory damages (which are the only damages alleged in the

instant case). Id. Although In re Oil Spill is not controlling authority, the case is instructive and no party has cited any binding precedent which holds that indemnity clauses covering gross negligence must be invalidated as a matter of public policy. Like the Court in In re Oil Spill, this Court recognizes that "this issue creates tension between two policies: freedom of contract, which weighs in favor of enforcing the indemnity, and a reluctance to encourage grossly negligent behavior, which weighs against enforcing the indemnity." Id. at 1000. In the instant case, the Court finds L M Sports argument to be more persuasive. Public policy concerns are of less importance here because this indemnity clause does not leave the injured party without recourse, but merely shifts the source of compensation. Third-Party Defendants should not be permitted to escape their contractual liability to indemnify L M Sports for Palla's injuries, regardless of the degree of negligence.

Because this Court finds that, as a matter of law, the indemnity clause in this case covers alleged acts of negligence and gross negligence there is no genuine dispute of material fact and the Court must now only determine whether L M Sports is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

As discussed during the September 18th motions hearing, the indemnity clause's language is clear and unambiguous. An indemnity clause is only ambiguous if, when viewed in the light of the instrument as a whole, it "is reasonably susceptible of more than one application to material facts." Best Buy Stores,

L.P. v. Manteca Lifestyle Center, LLC, 859 F. Supp. 2d 1138, 1147 (E.D. Cal. 2012) (quoting Dore v. Arnold Worldwide, Inc., 39 Cal. 4th 384, 391 (2006)).

At the hearing, this Court explained that it was not persuaded by any of the Third-Party Defendants' alternative interpretations of this contract. That position stands. The unambiguous terms of the contract created a no-fault indemnity clause that covered all signatories to the contract. Botwin, O'Dea, and Carscadden all signed the contract. See Rental Agreement at 1. They are therefore bound by its express terms and the Court finds that L M Sports' motion for summary judgment on the express contractual indemnity claim must be granted.

The Court also grants L M Sports' motion for summary judgment on the declaratory relief claim to the extent L M Sports seeks to include such relief in the judgment concerning the express contractual indemnity claim.

## III. ORDER

For the reasons set forth above, the Court GRANTS L M Sports' motion for summary judgment on the express contractual indemnity and declaratory relief claims.

IT IS SO ORDERED.

Dated: October 18, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE