UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANISHA PALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>L M SPORTS, INC., dba LAKESIDE MARINA and dba ACTION WATERSPORTS OF TAHOE; LT LEASING, INC.; PAUL GARCIA; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. 2:16-cv-02865-JAM-EFB<br><br>**ORDER DENYING SEAN O'DEA'S AND EVAN BOTWIN'S MOTIONS FOR RECONSIDERATION** |
| IN THE MATTER OF THE COMPLAINT OF LT LEASING, INC.; LM SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS OF LAKE TAHOE and dba ACTION WATERSPORTS AT LAKE TAHOE and dba ACTION WATERSPORTS; TAMARA HASSETT, individually; and ROBERT HASSETT, individually,<br><br>    Plaintiffs-in-Limitation, | |

1

| | |
|---|---|
| 1 | LT LEASING, INC.; L M SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS and dba ACTION WATERSPORTS AT LAKE TAHOE; TAMARA HASSETT, individually, and ROBERT HASSETT, individually |
| 2 | |
| 3 | |
| 4 | |
| 5 | Third-Party Plaintiffs, |
| 6 | v. |
| 7 | EVAN BOTWIN, REGAN ROBERTS, SEAN O'DEA, EFE ÖZYURT, and NICHOLAS CARSCADDEN, |
| 8 | |
| 9 | Cross-Defendants. |
| 10 | |
| 11 | AND RELATED THIRD-PARTY ACTION. |

Following the Court's October 18, 2018 Order, granting Third-Party Plaintiffs' Motion for Summary Judgment on their express contractual indemnity and declaratory relief claims, Evan Botwin and Sean O'Dea filed Motions for Reconsideration. Order, ECF No. 142; Mots., ECF Nos. 151, 153. Third Party Plaintiffs opposed these Motions. ECF Nos. 158, 159.[1]

A Rule 59(e) Motion for Reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Eastern District of California Local Rule 230(j) also requires a motion for reconsideration to

---

[1] Third Party Defendant Nicholas Carscadden did not move the Court for or join in these Motions for Reconsideration. These Motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

identify, among other things, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon prior motion, or what other grounds exist for the motion."

First, O'Dea and Botwin both fail to identify any legal or factual issues that were not, and could not have been, raised in the earlier briefings. Their Motions herein simply argue the Court got it wrong. This is an insufficient reason for this Court to reverse its decision. Second, the Court did not commit clear error in finding that an indemnity clause could validly purport to cover gross negligence, and that Third-Party Plaintiffs' indemnity clause, in fact, covered gross negligence. While this is arguably a unique and closely debatable legal issue, the Court's decision is legally supported. Again, O'Dea and Botwin's disagreement with the Court's conclusion is not grounds for granting this Motion. Finally, this Court finds that there has not been an intervening change in controlling law that warrants reconsideration. At the time of this Court's decision, the California Supreme Court had not ruled on the issue of whether a contracting party could indemnify itself for gross negligence. It still has not.

Botwin's and O'Dea's Motions for Reconsideration are, therefore, DENIED.

IT IS SO ORDERED.

Dated: December 6, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE