UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Manisha Palla, | No. 2:16-cv-02865-JAM-EFB |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' REQUEST FOR BIFURCATION AND COURT TRIAL ON LIMITATION ACTION** |
| L M Sports, Inc. et al., | |
| Defendants. | |

In December 2016, Manisha Palla brought a negligence suit against Paul Garcia and L M Sports, et al. ("L M Sports"), asserting both diversity and admiralty jurisdiction. Compl. ¶ 4, ECF No. 1. L M Sports responded by filing a Complaint for Exoneration or Limitation of Liability ("Limitation Action"). See In the Matter of the Complaint of LT Leasing Inc et al., No. 2:17-cv-00041-JAM-EFB (E.D. Cal. filed Jan. 9, 2017), ECF No. 1. Pursuant to the Limitation of Liability Act ("LOLA"), the Court stayed Palla's action. See Order Restraining All Suits, No. 2:17-cv-00041, ECF No. 9. The Court eventually lifted the stay, finding that Palla fell within the savings-to-suiters exception. Minute Order, No. 2:17-cv-00041, ECF No. 23. The Court consolidated the two actions. Id.

1

In the recently-filed Joint Pre-Trial Statement, the parties disagreed about bifurcating the trial, and which issues in the case, if any, should be heard by a jury. Joint Pre-Trial Statement at 1-3, ECF No. 168. The parties jointly filed supplemental briefs, discussing whether the Limitation Action should be bifurcated from the issue of damages, and whether Plaintiff is entitled to a jury trial on any portion of those proceedings. See Pl.'s Mem. in Support of a Jury Trial, Case No. 2:16-cv-02865, ECF No. 177; Defs.' Mem. re Separation of Trial on Liability an Damages, ECF No. 178; Opposition by Pl. Manisha Palla to [DKT 178] Brief, ECF No. 184; Opposition by Defs. to [DKT 177] Brief, ECF No. 185.

Having read and considered the pleadings, the Court grants Defendants' request to bifurcate the issues of liability and damages. The Court, sitting without a jury, will hear Defendant's entire Limitation Action. If the Court finds that that L M Sports was negligent and the act of negligence was within the vessel owner's privity or knowledge then Palla will be allowed to try the issue of damages to a jury. If the Court finds that LM Sports was not negligent, Palla will not be allowed to re-try the question of L M Sports' liability to a jury.

## I. OPINION[1]

Rule 42 allows a court to order separate trials "[f]or

---

[1] This order reflects the Court's assumption that Paul Garcia does not intend to appear or participate in the trial. Garcia is not a party to the Limitation Action, so the Court will not have cause to address the question of his liability during that proceeding. If Garcia makes an appearance to contest liability, the Court will have to reevaluate whether the current course of action is still the most efficient and effective one.

convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. Proc. 42(b).

The Court has carefully considered the arguments made and the cases cited by each of the parties. Although the Ninth Circuit cases cited by Palla are instructive, this Court disagrees that they squarely address the scenario at hand, or dictate the result Palla advocates. Ghotra by Ghotra v. Bandila Shipping ("Ghotra"), 113 F.3d 1050 (9th Cir. 1997) is Palla's most persuasive case, but is easily distinguishable. In Ghotra, the plaintiffs brought three claims under the Court's diversity jurisdiction, and one claim under the Court's admiralty jurisdiction. Id. at 1053. The Ninth Circuit found that the lower court erred in finding that the Ghotras "expressly sought remedies under general federal maritime law in all four causes of action" where plaintiffs had specifically pled that three of their claims arose under the Court's diversity jurisdiction. Id. at 1054-55.

Here, Palla brought negligence claims against Garcia and L M Sports. First Amended Complaint ("FAC"), ECF No. 96. In her statement of jurisdiction, she plead, "The Court has admiralty jurisdiction pursuant to 28 U.S.C. 1333. The Court also has diversity jurisdiction pursuant to 28 U.S.C. 1332." FAC ¶ 4. The Court does not find that L M Sports' argument that the first-pled ground of jurisdiction wins the day. See Opposition by Def's. to Plaintiff's Brief [DKT. 177] ("Defs'. Opp.") at 3-5, ECF No. 185. However, the Court does agree that Palla cannot broadly claim both bases of jurisdiction, so she may switch between them when it is procedurally advantageous.

3

Indeed, Ghotra recognized that choosing a jurisdictional basis has consequences:

> Therefore, a plaintiff with in personam maritime claims has three choices: He may file suit in federal court under the federal court's admiralty jurisdiction, in federal court under diversity jurisdiction . . . or in state court. The difference between these choices is mostly procedural; of greatest significance is that there is no right to a jury trial if general admiralty jurisdiction is invoked, while it is preserved for claims based in diversity or brought in state court.

Id. at 1054. Here, Palla did not make a clearly delineated basis for jurisdiction. The Court declines to muddy the waters of the Limitation Action to avail Palla of a right she never clearly invoked.

The Ninth Circuit has stated that "whether the limitation question must await the trial of the liability issue is largely a matter for the district court's discretion under the circumstances of each case." Newton v. Shipman, 718 F.2d 959, 963 (9th Cir. 1983). The Court finds that, under the circumstances of this case, an initial bench trial on the Limitation Action issues and a separate jury trial on damages, if necessary, would be more convenient, expeditious, economical and efficient. Accordingly, LM Sports suggested manner of presentation of the issues in this case is adopted by the Court.

## II. ORDER

For the reasons set forth above, the Court grants LM Sports' request to bifurcate the Limitation Action issues from the issue of damages. The Court also grants LM Sports' request to conduct trial on the Limitation Action first. The Limitation Action trial will be a bench trial. If a trial on the issue of damages is

necessary, that trial will be to a jury but will not immediately follow the Court trial on the Limitation Action. Rather, the date and time for this jury trial will be set by the Court after consulting the parties. The bench trial on the Limitation Action will commence on February 25, 2019 at 9:00 a.m.

IT IS SO ORDERED.

Dated: February 1, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE