UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANISHA PALLA, | Case No. 2:16-cv-02865-JAM-EFB |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO ADD CERTAIN WITNESSES PREVIOUSLY NOT LISTED IN RULE 26 DISCLOSURES |
| L M SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS OF TAHOE; L T LEASING, INC.; PAUL GARCIA; and DOES 1-50, inclusive, | |
| Defendants. | |
| AND RELATED ACTIONS. | |

On January 4, 2019, the parties filed a Joint Pre-trial Statement. ECF No. 168. L M Sports, et al. ("L M Sports") argued that the Court should not permit Palla to introduce witnesses at trial that had not previously been disclosed according to Rule 26. Id. at 11. At the Pre-trial Conference a week later, the Court ordered briefing on the issue. Tr. of Proceedings at 45:3-19, ECF No. 176. Plaintiff's brief in support of adding nine previously undisclosed witnesses, ECF No. 179, and LM Sports brief in opposition to Plaintiff's request to add witnesses, ECF No. 186,

1

have been received, read and considered by the Court.

Palla argues that four of the disputed witnesses—Mariah Koeltl, Suvarna "Sue" Palla, Sukender Palla, and Saurav Palla—should be allowed to testify because their identities were revealed through the course of discovery. Memo. in Support of Additional Witnesses ("Plf.'s Memo") at 4-7, ECF No. 179. She contends that the remainder of the disputed witnesses should be allowed to testify because her failure to disclose them was "substantially justified or harmless." Id. at 7-10. L M Sports argues in its opposition that (1) exclusion of witnesses not formally disclosed is required by Rule 37, (2) the failure to disclose was neither justified nor harmless, and (3) Palla would not be harmed by the exclusion of these witnesses. See generally, Opposition by Defendants to [DKT 179] Brief ("Opp."), ECF No. 186.

The Court GRANTS Plaintiff's request in part. If the Court finds against L M Sports in the Limitation Action, Palla may introduce Sue Palla, along with either Mariah Koeltl or Michelle Chan as witnesses during the jury trial on damages. Palla must make these witnesses available to L M Sports for depositions following the first trial, and pay the cost of the depositions. The depositions are to occur at a date convenient to L M Sports.

I. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party "without awaiting a discovery request, [to] provide to the other parties the name and . . . address and telephone number of each individual . . . that the disclosing party may use to support its

claims or defenses . . . ." Rule 26 also includes a duty to timely supplement initial disclosures when the party learns "that in some material respect the disclosure or response is incomplete or incorrect." Fed. Rule Civ. Proc. 26(e). Rule 37(c) imposes penalties for a party's failure to disclose or supplement an earlier response.

B. <u>Analysis</u>

Palla was under a duty to supplement her initial disclosures, apprising L M Sports of the additional witnesses she wanted to testify at trial. This Court is neither bound by the Advisory Notes to the Federal Rules of Civil Procedure or the cases cited to by Plaintiff from other district courts. <u>See</u> Plf.'s Memo at 3. Furthermore, the Court does not find these sources persuasive where they suggest a result that is contrary to what a plain reading of Rule 26 requires. It was not enough under Rule 26 for Plaintiff to simply make passing references about the individuals she intended to use at trial. And for the reasons stated in Defendants' Opposition, the Court finds that Plaintiff's failure to satisfy Rule 26 was not substantially justified or harmless. <u>See</u> Opp. at 9-12.

But L M Sports' argument that Rule 37 requires the exclusion of undisclosed witnesses in all circumstances is incorrect. The text of the rule plainly allows for sanctions "[i]n addition to <u>or instead of</u>" exclusion. Fed. R. Civ. Proc. 37(c) (emphasis added). The remedy fashioned by this Court falls within the discretion afforded by Rule 37. It also adequately protects against the prejudice that would otherwise flow from Plaintiff's failure to disclose. L M Sports will not need to depose Palla's witnesses

3

until after the conclusion of the Limitation Action, and only upon a finding in favor of Plaintiff by the Court.  Palla will only be allowed to introduce two of the previously-undisclosed witnesses, and will be required to pay the costs of the depositions.  This solution is permissible under the Federal Rules, and best protects the interests of each party.

## II.   ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part, Plaintiff's Request to Add Certain Witnesses Previously Not Listed in Rule 26 Disclosures.

IT IS SO ORDERED.

Dated: February 5, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE