UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANISHA PALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>L M SPORTS, INC., dba LAKESIDE MARINA and dba ACTION WATERSPORTS OF TAHOE; LT LEASING, INC.; PAUL GARCIA; and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. 2:16-cv-02865-JAM-EFB<br><br>**ORDER DENYING SEAN O'DEA AND EVAN BOTWIN'S JOINT MOTION FOR RECONSIDERATION** |
| IN THE MATTER OF THE COMPLAINT OF LT LEASING, INC.; L M SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS OF LAKE TAHOE and dba ACTION WATERSPORTS AT LAKE TAHOE and dba ACTION WATERSPORTS; TAMARA HASSETT, individually; and ROBERT HASSETT, individually,<br><br>    Plaintiffs-in-Limitation,<br><br>LT LEASING, INC.; L M SPORTS, INC. dba LAKESIDE MARINA and dba ACTION WATERSPORTS and dba ACTION WATERSPORTS AT LAKE TAHOE; TAMARA HASSETT, individually, and ROBERT HASSETT, individually, | |

1

| | |
|---|---|
| 1 | Third-Party Plaintiffs, |
| 2 | v. |
| 3 | EVAN BOTWIN, REGAN ROBERTS, SEAN O'DEA, EFE ÖZYURT, and NICHOLAS CARSCADDEN, |
| 5 | Cross-Defendants. |
| 6 | |
| 7 | AND RELATED THIRD-PARTY ACTION. |

On June 18, 2019, Sean O'Dea filed a motion for reconsideration. Mot. for Reconsideration ("Mot."), ECF No. 292. O'Dea requests, for the second time, that the Court reconsider its ruling on his and L M Sports, et al.'s cross-motions for summary judgment. Id. See also Minutes for 9/19/2018 Motion Hearing, ECF No. 133; Order Granting L M Sports's Mot. for Summ. J., ECF No. 142; O'Dea's Motion for Reconsideration, ECF No. 153. Botwin joins in O'Dea's motion. Joinder by Evan Botwin, ECF No. 295. L M Sports, et al. oppose the motion. Opp'n, ECF No. 298.[1]

For the reasons discussed below, the Court denies O'Dea and Botwin's joint motion for reconsideration.

## I. FACTUAL BACKGROUND

In July 2016, Manisha Palla went to Lake Tahoe with O'Dea, Botwin, and ten other co-workers (collectively, "the Palla group"). Mot. at 2. The group rented a boat from L M Sports (d.b.a "Lakeside Marina"). Id. The marina required renters to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 16, 2019.

2

sign a rental agreement before taking any equipment out on the lake. Id. at 3-5. The agreement included an indemnity clause and an exculpatory clause. Id. at 3. Only five members of the Palla group signed this agreement: O'Dea, Botwin, Nicholas Carscadden, Regan Roberts, and Efe Özyurt. Id. at 2.

While out on the lake, Palla suffered severe injuries following a propeller-strike accident. Palla sued L M Sports, L T Leasing, and the boat's driver, Paul Garcia. Compl., ECF No. 1. In turn, L M Sports and L T Leasing ("L M Sports, et al.") sued the five signatories of the rental agreement for indemnification. Third Party Compl., ECF No. 17. Özyurt defaulted and Roberts entered a settlement agreement. Clerk's Entry of Default, ECF No. 51; Stipulation and Order Dismissing Regan Roberts, ECF No. 86. O'Dea and Botwin filed cross-motions for summary judgment. Mot. for Summ. J., ECF No. 52; Cross-Mots. for Summ. J., ECF Nos. 68, 100. The Court granted L M Sports et al.'s motion for summary judgment; it denied Botwin's and O'Dea's cross-motions. Minutes for 9/19/2018 Motion Hearing; Order Granting L M Sports's Mot. for Summ. J.

II. OPINION

A. Legal Standard

Under Rule 54(b) of the Federal Rules of Civil Procedure, a court may revise a prior order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b). But "absent highly unusual circumstances," a court should only reconsider a prior decision when: (1) a party presents the court with newly-

3

discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. Hansen v. Schubert, 459 F. Supp. 2d 973, 998 (E.D. Cal. 2006) (citing Sch. Dist. No. 1J, Multnomah County, Oregon v. ACAndS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Parties "may not use [] motion[s] for reconsideration to relitigate old matters or raise arguments [they] could have asserted earlier in the litigation." McMahon v. JPMorgan Chase Bank, NA, No. 2:16-cv-1459-JAM-KJN, 2017 WL 3641780 at *1 (E.D. Cal. 2017).

B. Analysis

In February 2019, the Court held a bench trial on the limitation-of-liability action between Palla and L M Sports, et al. See ECF No. 233. O'Dea and Botwin contend evidence uncovered during the trial warrants reconsideration of the Court's previous ruling on the cross-motions for summary judgment. Mot. at 6. Specifically, they point to Bob Hasset's testimony that (1) L M Sports required all participants to sign a rental agreement before boating; and (2) Julia Hontos, a marina employee, erred in failing to obtain each participant's signature. Mot. at 5-6. O'Dea and Botwin argue, "prior to trial, there was no evidence that the Marina viewed it as their duty to obtain all thirteen signatures to finalize the Contract." Mot. at 7. Indeed, they maintain that they could not have obtained this information at the summary judgment stage because, "through the time of the January 4, 2019 Joint Pre-Trial Statement, the factual issue of whether '[i]t was the Marina Defendants' policy to have all customers [] read and sign the

4

rental agreement' was disputed among the parties."  Mot. at 6.

L M Sports, et al. opposes O'Dea and Botwin's motion, arguing that the summary judgment briefs and accompanying exhibits referenced the marina's rental-agreement policy multiple times.  Opp'n at 3-4.  The Court agrees.  In support of its statement of undisputed facts, L M Sports, et al. included a transcript of Hasset's deposition by O'Dea's counsel.  See Exh. 4 at 188:13-25, ECF No. 60-4.  In relevant part, it reads:

> **Q: Did you -- is it your company policy back at the time of the accident that everyone was in the boat, in other words, all 13 people who were in the boat, were to sign the rental contract?**
>
> A: Everyone that was going to be in the boat should have signed the rental contract, correct.
>
> **Q: And do you have any information as to why that did not occur?  It looks like there are five out of 13 people actually signed it.**
>
> A: Correct.  You know, my understanding is, Julia, um, did not get everyone's signatures.  She thought she had everyone that was in the boat was my understanding.

Id.  In that same set of documents, L M Sports, et al. also included a declaration by Hontos, the employee tasked with distributing and collecting rental agreements on the day of the accident.  See Exh. 16 at 2, ECF No. 60-16.  It says:

> [M]y job duties in the office at lakeside Marina included . . . ensuring that all customers involved in a boat rental transaction executed a boat rental contract . . . .  As part of my duties, I had been trained to specifically instruct all boat rental customers . . . to carefully review both sides of the rental contract and to then execute the boat rental contract at the bottom of the first page of the boat rental contract.

Id.

///

The information contained in Hasset's deposition and Hontos's declaration is wholly consistent with Hasset's testimony at trial. O'Dea and Botwin's contention that L M Sports's rental-agreement policy remained a factual dispute "through the time of the January 4, 2019 Joint Pre-Trial Statement" does not change the analysis. See Mot. at 6-7. In fact, had O'Dea and Botwin shown this dispute was material at the summary-judgment stage, they would have defeated L M Sports et al.'s motion. See Fed. R. Civ. Proc. 56. Neither party did so.

O'Dea and Botwin do not identify newly-discovered evidence. Rather, they repurpose previously-available evidence in pursuit of a new litigation strategy. Absent "highly unusual circumstances," Rule 54 does not afford parties that opportunity. Hansen, 459 F. Supp. 2d at 998. The Court does not find such circumstances here.

III. ORDER

For the reasons set forth above, the Court DENIES O'Dea and Botwin's joint motion for reconsideration.

IT IS SO ORDERED.

Dated: August 6, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE